# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JOHNNY SCOTTY JACKSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:15-cv-51 |
| | * | |
| v. | * | |
| | * | |
| SHERIFF BENNY DELOACH; ADAM | * | |
| BELL; and APPLING COUNTY SHERIFF'S | * | |
| DEPARTMENT, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Plaintiff Johnny Scotty Jackson's ("Jackson") Notice of Appeal and Motion for Reopening the time to appeal, ("Motion to Reopen"). (Dkt. No. 21.) For the reasons set forth below, the Court **DENIES** Jackson's Motion.

### BACKGROUND

Plaintiff, an inmate presently incarcerated at Toombs County Detention Center, filed this action on April 20, 2015, contending that Defendants did not allow him to attend his mother's funeral, denied him access to a law library, and denied him a work detail while incarcerated at Appling County Jail. (Dkt. No. 1.) On May 5, 2015, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (dkt. no. 2), and

ordered that Plaintiff sign and return the Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms attached to that Order, (dkt. no. 3). Within that Order, the Court warned Jackson that failure to immediately inform the Court in writing of any change of address would result in dismissal of his case. (Dkt. No. 3, p. 3.) After Plaintiff submitted a handwritten statement detailing transactions in his prison trust fund account and failed to return his Consent to Collection of Fees form, the Court once again provided Plaintiff an opportunity to adhere to its Orders and properly submit these forms. (Dkt. No. 5.) After Plaintiff submitted the proper Prisoner Trust Fund Account Statement and his Consent to Collection of Fees forms, (dkt. nos. 6, 10), the Court ordered that monthly payments be made from Jackson's prison trust fund account for the procession of this case. (Dkt. No. 12.) That Order was sent to Jackson on November 10, 2015, and the Court received no indication that its Order was undeliverable or that Jackson otherwise did not receive it.

On December 30, 2015, Magistrate Judge R. Stan Baker recommended that the Court dismiss Jackson's Complaint for failure to state a claim. (Dkt. No. 13.) The Magistrate Judge's Report and Recommendation was mailed to Plaintiff at the Appling County Jail on the same day. On January 7, 2016, that Report and Recommendation was returned as undeliverable. (Dkt.

No. 14.) Plaintiff had failed to notify the Court of his transfer or of any new address. On January 21, 2016, this Court adopted the Magistrate Judge's Report and Recommendation and, in addition, dismissed Jackson's Complaint based upon his failure to follow the Court's Orders and failure to prosecute. (Dkt. No. 15.) The Court entered a Judgment of Dismissal on January 25, 2016. (Dkt. No. 16.) The Court mailed its Order and Judgment of Dismissal to Jackson at the address then listed upon the docket and record of this case, but those documents were, once again, returned as undeliverable. (Dkt. Nos. 17, 18.)

On February 1, 2016, Jackson filed a letter informing the Court that he had been transferred from Appling County Jail to Toombs County Detention Center. (Dkt. No. 19.) The Clerk of Court then re-mailed this Court's Order and Judgment of Dismissal to Plaintiff at Toombs County Detention Center on the same day. Over two months later, on April 6, 2016, the Court received a letter from Jackson stating that he wished to appeal the Court's dismissal of his Complaint. (Dkt. No. 20.) On April 25, 2016, Jackson filed a Notice of Appeal. (Dkt. No. 21.) The Court denied Plaintiff's Motion for Leave to Appeal *in forma pauperis*, (dkt. no. 24), by Order of June 17, 2016, (dkt. no. 25).

On September 15, 2016, the United States Court of Appeals for the Eleventh Circuit *sua sponte* remanded this case "for the

limited purpose of determining whether Plaintiff-Appellant Johnny Scott Jackson is entitled to reopening of time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6)." (Dkt. No. 26, p. 1.) Specifically, the Eleventh Circuit directed this Court to determine whether Jackson received notice of its January 25, 2016, Judgment within 21 days of entry, and, second, whether he filed his notice of appeal within 14 days of receiving such notice. (Id. at p. 2.)

For the following reasons, the Court finds that: (1) Jackson received notice of the January 25, 2016, Judgment within 21 days of entry; (2) he did not file a notice of appeal within fourteen days after receiving notice; and (3) the parties would not be prejudiced within the meaning of Federal Rule of Appellate Procedure 4(a)(6) by permitting an appeal to go forward. Moreover, for additional reasons which follow, Jackson is not entitled to reopen an appeal pursuant to Rule 4(a)(6).

## DISCUSSION

A party in a civil case usually has thirty days from the date of entry of a judgment or order to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). The Court may extend the time to file a notice of appeal in two situations. First, the Court may grant an extension of time to file a notice of appeal if a party moves within thirty days of the expiration of the deadline to do so and shows excusable neglect or good cause for the delay.

Fed. R. App. P. 4(a)(5)(A). Second, the Court may grant an extension of time if the moving party failed to receive notice of the entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(6). Here, the Eleventh Circuit has remanded Plaintiff's case on the second basis to determine whether Plaintiff is entitled to reopen the time in which to file an appeal.

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." <u>Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.</u>, 279 F.3d 1306, 1309 (11th Cir. 2002). Due to

the policy to "liberally construe" *pro se* pleadings, the Court considers Jackson's April 6, 2016, letter informing the Court that he received the Court's Order and Judgment of Dismissal as a motion to reopen under Federal Rule of Appellate Procedure 4(a)(6). See e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (internal citations omitted); see also Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997)(finding that *pro se* petitioner's notice should be treated as a motion to reopen under Rule 4(a)(6) when it was clear he never received the district court's order dismissing the case). It is necessary, then, to consider whether Jackson meets the three conditions set forth in Rule 4(a)(6) and may reopen the time period to appeal.

The first condition is that Jackson, the moving party, did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment. Non-receipt is difficult to conclusively prove. Nunley v. City of Los Angeles, 52 F.3d 792, 796 (9th Cir. 1995). Further, the party seeking to reopen the time for appeal under Rule 4(a)(6) bears the burden of proving non-receipt of notice. McDaniel v. Moore, 292 F.3d 1304, 1307 (11th Cir. 2002). However, "[w]hile Rule 4(a)(6) puts the

burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." Nunley, 52 F.3d at 796; see also McDaniel, 292 F.3d at 1307. Indeed, the purpose of the Rule is to "provide relief from the risk of non-receipt." Nunley, 52 F.3d at 795.

Here, the record indicates that Jackson did not initially receive the Court's Order dated January 21, 2016, or the Court's Judgment of Dismissal dated January 25, 2016, because those documents were returned to the Court as undeliverable on February 1, 2016. (Dkt. Nos. 17, 18.) However, the Court re-mailed its Order and Judgment of Dismissal, (dkt. nos. 15, 16), to Jackson on February 1, 2016, after he submitted a Notice of Change of Address on that date. Given that these documents were mailed to Plaintiff seven days after entry of the Court's Judgment and eleven days after entry of the Order, sufficient time existed for Plaintiff to receive these documents prior to the twenty-one day time period of Rule 4(a)(6). Moreover, the Court received no indication that its Order and Judgment of Dismissal were undeliverable or otherwise not received by Jackson after February 1, 2016.

The Court received no communication from Jackson until April 6, 2016. On that date, Jackson informed the Court that "[he] received a paper from [the Court] stating [that his] case [was] dismissed for failure to follow orders and failure to

prosecute." (Dkt. No. 20.) Plaintiff's letter demonstrates that he received the Court's Order and Judgment which the Court sent to him on February 1, 2016. Further, he does not state that the Order and Judgment were not actually received by him until the date on which his letter was mailed, April 4, 2016.[1] Thus, the Court finds that Jackson received notice of the entry of the Order dated January 21, 2016, and the Judgment of Dismissal dated January 25, 2016, within 21 days after entry of that Order and Judgment.

The second condition is that the moving party file a motion to reopen within 180 days of the judgment or within 14 days of notice under Rule 77(d), whichever is earlier. Fed. R. App. P. 4(a)(6)(B). Even assuming, *arguendo*, that Jackson did not receive notice of the Court's Order and Judgment of Dismissal until after well after February 1, 2016, there is nothing in the record to indicate that he did not received those materials until as late as March 21, 2016. March 21, 2016, was 14 days before April 4, 2016, the date on which Plaintiff mailed his letter and motion to reopen. Accordingly, Plaintiff has also failed to satisfy the second requirement of Rule 4(a)(6).

Additionally, "[a] Court is not required to reopen an appeal even if a party meets the elements required under

---

[1] Jackson's letter to the Court, (dkt. no. 20), which was filed on April 6, 2016, was post-marked on April 4, 2016.

Rule 4(a)(6)." See Fed. R. App. P. 4(a)(6); see also Jacobs v. Alorica, No. 1:15-cv-850-WSD, 2016 WL 5341780, at *2 (N.D. Ga. Sept. 23, 2016) (citing In re WorldCom, Inc., 708 F.3d 327, 335 (2d Cir. 2013) (finding that Rule 4(a)(6) "does not require the district court to grant the relief, even if the requirements are met.") (internal quotation marks omitted)). "Where the moving party is to blame for h[is] failure to receive notice of the judgment or order sought to be appealed, it is within the court's discretion to deny reopening the time to file an appeal." Id. (citing WorldCom, 708 F.3d at 336-38).

This Court's Local Rule 11.1 states that a "*pro se* litigant has a continuing obligation to apprise the Court of any address change." The Court apprised Plaintiff of his obligation to notify the Court of any change in his address in its Order of May 5, 2015. (Dkt. No. 3, p. 3.) The Court issued the Judgment that Plaintiff seeks to appeal on January 25, 2016. Upon a cursory review of the record, it appears that Plaintiff's address changed on approximately February 1, 2016, as that is the date Plaintiff apprised the Court of his change of address. (Dkt. No. 19.) Therefore, it initially appears that Plaintiff failed to receive notice of the Judgment due to the entry of that Judgment during his transfer from Appling County Jail to Toombs County Detention Center. However, a closer examination of the record reveals that Plaintiff was transferred from

Appling County Jail—the location to which the Court initially sent its Judgment of Dismissal—to Toombs County Detention Center on or before December 4, 2015. (See Dkt. No. 24, p. 4.)

Plaintiff submitted a prisoner trust fund account statement from Toombs County Detention Center with his Notice of Appeal, (dkt. no. 21), which lists a series of transactions that occurred during Jackson's incarceration at Toombs County Detention Center. According to his trust fund account statement, the first transaction at that facility occurred on December 4, 2015. Accordingly, it is apparent that Jackson was transferred to Toombs County Detention Center on or before December 4, 2015. Had Plaintiff timely apprised the Court of his change of address, as he was required to do by this Court's Local Rules and this Court's prior Order, (dkt. no. 3), on or before December 4, 2015, he would have not only received notice of the Court's Judgment of Dismissal dated January 25, 2016, but would have also received notice of the Report and Recommendation dated December 30, 2015, on which the Court's Order and Judgment of Dismissal was based. Accordingly, it is clear that even if Plaintiff failed to receive notice of the Court's Orders and Judgment of Dismissal, Plaintiff's lack of notice is due to his own failure to keep the Clerk apprised of his change of address.

Therefore, because Plaintiff is to blame for any failure to receive the Magistrate Judge's December 30, 2015, Report and

AO 72A
Rev. 8/82)

10

Recommendation, the Court's January 21, 2016, Order, and the Court's January 25, 2016, Judgment of Dismissal, it is within the Court's discretion to deny reopening the time to file an appeal. See WorldCom, 708 F.3d at 336-38.

CONCLUSION

For all of the above stated reasons, the Court finds Plaintiff is not entitled to relief under Rule 4(a)(6). The Court **DENIES** Jackson's Motion to Reopen, and this case remains **CLOSED**.

SO ORDERED, this 16 day of November, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA